UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DAVID FLEEKS,<br>Petitioner | CIVIL ACTION NO. 5:19-CV-483-SEC. P |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| WARDEN,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 filed by pro se Petitioner David Fleeks ("Fleeks") (#337214). Fleeks is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. Fleeks challenges his conviction and sentence imposed in the 1st Judicial District Court, Caddo Parish.

Because Fleek's Petition (Doc. 1) is untimely, it should be DENIED and DISMISSED WITH PREJUDICE.

I. Background

Fleeks was convicted of second-degree murder and second-degree kidnapping. State v. Fleeks, 26,720 (La. App. 2 Cir. 3/1/95, 1); 651 So.2d 370, 371. He was sentenced to life imprisonment. Id. Fleeks's conviction and sentence were affirmed on appeal. Id. Fleeks did not seek further review in the Louisiana Supreme Court.

On an unspecified date, approximately 20 years after his conviction, Fleeks filed an application for post-conviction relief in the trial court, which was denied. State ex rel. Fleeks v. State, 2017-0861 (La. 8/3/18); 250 So.3d 260. The Louisiana

Supreme Court also denied writs because the post-conviction application was untimely filed in the district court, and Fleeks could not show the applicability of an exception. State ex rel. Fleeks v. State, 2017-0861 (La. 8/3/18); 250 So.3d 260.

Fleeks alleges that the indictment in his case was invalid because the copy provided to him does not have the signature of the foreperson. (Doc. 1, p. 5). Thus, Fleeks claims his conviction is illegal.

II. Law and Analysis

In 1996, as part of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Congress enacted 28 U.S.C. § 2244(d), which provides a one-year statute of limitations for filing applications for writs of habeas corpus by persons in custody pursuant to the judgment of a state court. The limitations period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). Federal courts may raise the one-year limitations period sua sponte. See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).

Fleeks did not seek review in the Louisiana Supreme Court on direct appeal, so his conviction became final for AEDPA purposes on March 31, 1995, upon the expiration of time for seeking further review. 28 U.S.C. § 2254(d)(1); La. Sup. Ct. R. 10. Fleeks had one year from that date within which to file a § 2254 petition. Fleeks's Petition was not filed until April 15, 2019. (Doc. 1).

The statutory tolling provision of § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief is pending in state court is not counted toward the limitations period. Ott v. Johnson, 192 F.3d 510, 512 (5th

Cir. 1999). Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitations period. Villegas v. Johnson, 184 F.3d 467, 472 (5th Cir. 1999) (citing Flanagan v. Johnson, 154 F.3d 196, 199 (5th Cir. 1998)). Although Fleeks filed an application for post-conviction relief, the application was filed after the one-year limitations period of the AEDPA expired. Therefore, Fleeks is not entitled to statutory tolling.

The AEDPA's statute of limitations is subject to equitable tolling. See Holland v. Florida, 560 U.S. 631, 645 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 649 (internal quotation marks omitted); Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). Equitable tolling applies "principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999). A petitioner bears the burden of proof to invoke equitable tolling. See Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002).

Fleeks implies he is entitled to equitable tolling because he had no post-conviction attorney and little help from inmate counsel. (Doc. 11, p. 2). Ignorance of the law and pro se status are common problems for inmates seeking post-conviction relief and does not constitute "rare and exceptional" circumstances warranting equitable tolling. See Felder v. Johnson, 204 F.3d 168, 171-72 (5th Cir. 2000);

Gutierrez v. Cockrell, 45 F. App'x 321 (5th Cir. 2002). Additionally, prisoners have no constitutional right to either an attorney or "inmate counsel" in state post-conviction proceedings. See Martinez v. Johnson, 255 F.3d 229, 239 (5th Cir. 2001). Therefore, Fleeks is not entitled to equitable tolling.

### III.  Conclusion

Because Fleeks's § 2254 Petition is untimely, and he is not entitled to tolling, IT IS RECOMMENDED that the Petition (Doc. 1) be DENIED and DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

4

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a circuit justice or district judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within 14 days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. <u>See</u> 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __21st__ day of May, 2019.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge